```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

BROWN FAMILY ORTHODONTICS,              CIVIL ACTION
LLC

VERSUS                                  NO: 06-2359

TRAVELERS INSURANCE COMPANY             SECTION: "J" (1)
```

## ORDER AND REASONS

Before the Court is Defendant's Motion to Exclude Plaintiff's Expert Witnesses. (Doc. 27.) The motion is opposed. For the following reasons the Court finds that the motion should be DENIED.

## BACKGROUND

This is a Hurricane Katrina claim for loss of business income stemming from the operation of three orthodontic clinics by plaintiff, Brown Family Orthodontics, L.L.C. ("BFO"), in Metairie, Mandeville, and Covington. The Complaint was filed on May 2, 2006. (Doc. 1.) An Answer was filed on July 10, 2006. (Doc. 7.) The Court issued its Scheduling Order pursuant to a preliminary pretrial conference on July 31, 2006. (Doc. 9.) That

order required plaintiff to submit written expert reports in compliance with Federal Rule of Civil Procedure 26(a)(2)(b) no later than January 19, 2007. On January 11, 2007, BFO amended its discovery responses to identify two experts, an Insurance Specialist, and a forensic engineer. On January 22, 2007, BFO filed a motion to extend the deadline to submit its expert reports from January 17, 2007 until February 19, 2007, which was granted. (Doc. 16.) BFO did not submit its expert reports until February 27, 2007. In addition, to the two experts above, plaintiff lists its CPA, Matthew Roger, as a witness. No expert report from Mr. Roger was provided.

## DISCUSSION

The Fifth Circuit grants district courts "broad discretion to preserve the integrity and purpose of the pretrial [scheduling] order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). A district court is to weigh the following four factors in determining whether to exclude an expert's proposed testimony: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the evidence; (3) the possibility of curing any prejudice; and (4) the explanation for the failure to produce the evidence. *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

The expert evidence is central to plaintiff's claim. Plaintiff's counsel offers as explanation for the failure to timely produce the reports that the Mardi Gras holiday and counsel's illness prevented him from meeting the deadline. Plaintiff argues that defendant has not been prejudiced by the brief delay and that, accordingly, no measures need be taken to correct any prejudice.

Defendant argues that it was prejudiced by having to hurry to meet its own expert report deadline and that it did not have time to depose plaintiff's experts. Regarding plaintiff's listing of its CPA as a witness without an expert opinion, defendant argues that a CPA is an expert whose testimony regarding loss of business income can only be regarded as an opinion.

Defendant largely relies on the undersigned's decision in *Standard Services, Co. v. Witex*, 2003 WL 2004442 (E.D. La. 2003), to argue that the lack of prejudice and the importance of the evidence to plaintiff's case should not prevent plaintiff's experts from being stricken. Defendant also relies on *Standard Services* to argue that plaintiff's CPA must comply with Rule 26's requirements for expert testimony.

The facts in *Standard Services* are clearly distinguishable. The expert report in *Standard Services* was delivered two months late and resulted in the opposing party being unable to produce

an expert report of its own. In this case, plaintiff's expert reports were eight days late, and the defendant was able to prepare its report in a timely fashion. In addition, the CPA in *Standard Services* was specially retained to testify as an expert at trial. Rule 26(a)(2) requires a report from a "[w]itness who is retained or specially employed to provide expert testimony in the case." Mr. Roger has served as plaintiff's CPA for several years and has been available to defendant since the inception of this litigation. Rule 26(a)2)'s requirements do not apply to Mr. Roger's testimony in this case.

## CONCLUSION

Although plaintiff's counsel's explanation for delivering the expert reports late is hardly compelling, in light of the absence of incurable prejudice and the importance the evidence to plaintiff's case, the expert testimony will not be stricken. In addition, Mr. Roger's testimony will not be stricken for failure to comply with Rule 26(a)(2). Should defendant still desire to depose plaintiff's experts before the May 14, 2007 trial date, the parties may schedule depositions by agreement without involving the Court. If agreement cannot be reached, defendant can file an appropriate motion for relief.

4

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Exclude Plaintiff's Expert Witnesses (Doc. 27) is **DENIED**; the April 4th, 2007 hearing on the motion is **CANCELLED**.

New Orleans, Louisiana this the 3rd day of April, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE